Slip Op. 00-39

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |  |
|---|---|---|---|
| JEWELPAK CORP., | : | | |
| | : | | |
| Plaintiff, | : | | |
| | : | Before: | WALLACH, Judge |
| v. | : | Court No.: | 94-04-00230 |
| | : | | |
| THE UNITED STATES, | : | | |
| | : | | |
| Defendant. | : | | |
| | : | | |

[Plaintiff's Motion for Summary Judgment is denied; Defendant's Motion for Summary Judgment is denied.]

Fitch, King and Caffentzis, (James Caffentzis), for Plaintiff.

David W. Ogden, Acting Assistant Attorney General; Joseph I. Liebman, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice, (Barbara S. Williams); Chi S. Choy, Of Counsel, Office of Assistant Chief Counsel, International Trade Litigation, United States Customs Service, for Defendant.

I

## INTRODUCTION

Plaintiff Jewelpak challenges a Customs classification of its merchandise, "presentation boxes" in which jewelry is shipped, stored, and sold. Jurisdiction is proper under 28 U.S.C. § 1581(a) (1994), and Customs' classification decision is therefore subject to de novo review under 28 U.S.C. § 2640(a)(1) (1994).

1

Customs classified all of the subject merchandise under subsection 4202.92.90[1] of the Harmonized Tariff Schedule of the United States ("HTSUS"), as jewelry boxes. Plaintiff contends that some of the boxes should be classified under subheading 3923.10.00,[2] plastic boxes for the conveyance of goods, and the others under subheading 7310.29.00,[3] iron or steel boxes. Plaintiff's Memorandum in Support of Its Cross-Motion for Summary Judgment and in Opposition to Defendant's Motion for Summary Judgment ("Plaintiff's Memorandum") at 1-2.

---

[1]4202 Trunks, suitcases, vanity cases, attache cases, briefcases, school satchels, spectacle cases, binocular cases, camera cases, musical instrument cases, gun cases, holsters and similar containers; traveling bags, toiletry bags, knapsacks and backpacks, handbags, shopping bags, wallets, purses, map cases, cigarette cases, tobacco pouches, tool bags, sports bags, bottle cases, jewelry boxes, powder cases, cutlery cases and similar containers, of leather or of composition leather, of sheeting of plastics, of textile materials, of vulcanized fiber or of paperboard, or wholly or mainly covered with such materials or with paper (con.):

        Other (con.):

4202.92             With outer surface of sheeting of plastic or of textile materials (con.):

                Other:

                . . .

4202.92.90               Other.

[2]3923 Articles for the conveyance or packing of goods, of plastics; stoppers, lids, caps and other closures, of plastics:

3923.10.00     Boxes, cases, crates and similar articles.

[3]7310 Tanks, casks, drums, cans, boxes and similar containers, for any material (other than compressed or liquefied gas), of iron or steel, of a capacity not exceeding 300 liters, whether or not lined or heat insulated, but not fitted with mechanical or thermal equipment:

        . . .

        Of a capacity of less than 50 liters:

7310.29.00             Other. . .

This case comes before the Court on cross-motions for summary judgment. The Court finds that a genuine issue of material fact exists, and denies both motions for summary judgment. However, the Court further holds that the only issue for trial is whether the boxes are suitable for long term use. If they are, then the boxes are classifiable under the Government's provision, 4202.92.90, jewelry boxes. If they are not so suitable, the Plaintiff's propounded basket provisions apply.

II

BACKGROUND

Plaintiff is the importer of record. The merchandise at issue is boxes used in the shipment, promotion, display, and sale of jewelry. The boxes are of various shapes and sizes, designed to hold specific pieces of jewelry, including rings, bracelets, necklaces, and watches.

The shells of the boxes are plastic or metal. They are covered with textile material or plastic sheeting. Defendant's Statement of Undisputed Facts ("Defendant's Statement") ¶ 6; Plaintiff's Response to Defendant's Statement of Undisputed Facts ("Plaintiff's Response to Defendant's Statement") ¶ 6. They are usually given to jewelry purchasers free of charge. Memorandum in Support of Defendant's Motion for Summary Judgment ("Defendant's Memorandum") at 2.

The parties are in accord on the design and material make-up of the boxes. They agree that these are boxes designed to hold jewelry, are made of metal or plastic, and are covered with textile material or plastic sheeting. They further agree that the boxes are designed to display the jewelry in the

3

stores and to hold the jewelry for the consumer from the store to home. Plaintiff's Statement of Additional Material Fact as to Which There Are No Genuine Issues to be Tried ("Plaintiff's Additional Statement") at ¶¶ 4, 6; Defendant's Response to Plaintiff's Statement of Additional Material Fact [sic] as to Which There Are No Genuine Issues to be Tried at ¶¶ 4, 6; Defendant's Statement at ¶ 2; Plaintiff's Response to Defendant's Statement at ¶ 2.

The issue on which they disagree, however, is material to the classification of the merchandise. Plaintiff argues that these boxes are not designed to be reused. Plaintiff's Additional Statement at ¶ 7. Plaintiff argues that although some consumers may indeed retain the boxes and possibly reuse them, this is purely incidental to the intended use of the boxes (display and packaging), and that this is not a factor to consider in classifying the merchandise. Plaintiff's Memorandum at 9.

Customs, on the other hand, contends that the boxes are indeed suitable for long term use, and are actually so used by consumers. However, the Government also does not consider this to be a factor relevant to the classification of these presentation boxes. Defendant's Memorandum at 2 n.4.

III

STANDARD AND SCOPE OF REVIEW

Summary judgment shall issue when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

4

material fact and that the moving party is entitled to judgment as a matter of law." USCIT Rule 56(d).

See Anderson v. Liberty Lobby, 477 U.S. 242, 247-48 (1986).


IV

ANALYSIS

Under the General Rules of Interpretation (GRI) and case law, it is possible that the

merchandise here at issue may be properly classified under either the subheading claimed by Customs,

or the subheadings advocated by Plaintiff. Whether the merchandise is classifiable under the

Government's proposed provision hinges on the issue of long term use. The final classification cannot

be determined until that issue is resolved.


A

Whether the Boxes are Classifiable Under the HTSUS 4202.92
Depends Upon Whether the Boxes are Suitable for Long Term Use

GRI 1 provides that "for legal purposes, classification shall be determined according to the

terms of the headings and any relative section or chapter notes. . ." Gen. R. Interp. 1, HTSUS.

Applying GRI 1, the Court finds that the merchandise is classifiable under the Government's proposed

tariff provision only if the boxes are suitable for long term use.

The term "jewelry boxes" is not defined in the tariff itself. In the absence of a binding tariff

definition or binding legislative history, the Court looks to the common meaning of a term for guidance.

In determining the common meaning of a tariff term "the court may rely upon its own understanding,

dictionaries and other reliable sources." Medline Industries, Inc. v. United States, 62 F.3d 1407, 1409 (Fed. Cir. 1995) (citing Marubeni Am. Corp. v. United States, 35 F.3d 530 (Fed. Cir. 1994)).

In the dictionaries cited by the parties and others consulted by the Court, the term "jewelry boxes" is not defined much beyond a box to hold jewelry. The Illustrated Oxford Dictionary at 435 (1998) (defining "jewelry box" as "a box in which jewelry is kept"); Merriam-Webster's Collegiate Dictionary at 629 (10th ed. 1996) (defining "jewel box" as "a small box or case designed to hold jewelry"); Random House Webster's College Dictionary at 726 (1991) (defining "jewel box" as "a small case for jewelry or other valuables"). It is undisputed that the presentation boxes here are designed to hold jewelry and actually do so.

One source has a drawing of a "jewel box," showing the type usually stored on a dresser and used to hold multiple pieces of fine jewelry. Webster's Third New International Dictionary of the English Language Unabridged at 1215 (1986) (but only defining "jewel box" as "a small chest designed to hold jewelry"). This is the type of box to which Plaintiff believes the Government's tariff provision applies.[4] However, one drawing in one source does not outweigh the simple written definition given in numerous sources. Furthermore, this drawing does not imply that boxes which sit on dressers and hold multiple pieces of jewelry are the only type of boxes known as jewelry boxes. Clearly the spectrum

---

[4]The Government does not dispute that such boxes would be classified under 4202. However, the Government contends that such jewelry boxes are not the only boxes fitting that heading.

ranging from any box that holds jewelry to chests that hold multiple pieces is broad. The common meaning is therefore not clear to the Court.[5]

At oral argument the Government argued that the analysis should end here. Since the boxes do appear to literally fit the dictionary definition of a box that holds jewelry, they are classifiable under subheading 4202. The Court is unable to reconcile such reasoning with the Explanatory Notes[6] and, more importantly, with the context of the subheading.

The amended Explanatory Notes state that the term "jewelry boxes," as used in subheading 4202 of the HTSUS, is intended to encompass boxes specifically designed for keeping jewelry, "but also similar lidded containers . . . specially shaped or fitted to contain one or more pieces of jewellry and normally lined with textile material, of the type in which articles of jewellry are presented and sold and which are suitable for long-term use." Explanatory Notes at 661. The Explanatory Notes are

---

[5]The parties were unable to clarify for the Court the common meaning of jewelry boxes at oral argument.

[6]The Harmonized Commodity Description and Coding System, Explanatory Notes (2d ed. 1996) ("Explanatory Notes") are the official interpretation of the scope of the Harmonized Commodity Description and Coding System (which served as the basis of the HTSUS) as viewed by the Customs Cooperation Council, the international organization that drafted the international nomenclature. Thus, while the Explanatory Notes "do not constitute controlling legislative history," they "nonetheless are intended to clarify the scope of HTSUS subheadings and to offer guidance in interpreting its subheadings." Mita Copystar Am. v. United States, 21 F.3d 1079, 1082 (Fed. Cir. 1994) (citing Lynteq, Inc. v. United States, 976 F.2d 693, 699 (Fed. Cir. 1992)). The Explanatory Notes are "generally indicative of proper interpretation of the various provisions of the [Harmonized Tariff System] . . . ." Lynteq, 976 F.2d at 699 (quoting H.R. Conf.Rep. No. 100-576 (1988), reprinted in 1988 U.S.C.C.A.N. 1547, 1582.).

intended to aid the Court in interpreting the tariff provisions, but are not binding upon the Court.  Mita

Copystar Am. v. United States, 21 F.3d 1079, 1082 (Fed.Cir. 1994);  Lynteq, Inc. v. United States,

976 F.2d 693, 699 (Fed. Cir. 1992); H.R. Conf. Rep. No. 100-576, 100th Congress., 2d Sess. 549

(1988), reprinted in 1988 U.S.C.C.A.N. 1547, 1582.  However, the drafters' inclusion of long term

use as a distinguishing characteristic of jewelry boxes classifiable under subheading 4202 indicates to

the Court that this factor should be part of the analysis employed here.

Furthermore, the doctrine of noscitur a sociis ("associated words") states that "[i]n order to

ascertain the meaning of any word or phrase that is ambiguous or susceptible to more than one

meaning, the court may properly resort to the other words with which the ambiguous word is

associated in the statute."  X-Acto Crescent Products Co., Inc. v. United States, 27 Cust. Ct. 190,

191 (1951) (quoting Crawford, The Construction of Statutes (1940), §190).

Here the term "jewelry boxes" does not have a "well-understood signification" as the term in X-

Acto Crescent did.  See Id.  As shown above, a jewelry box may be a large chest which holds multiple

pieces of jewelry and stands on a dresser.  A jewelry box may also be any box which holds a piece of

jewelry for some period of time, whether it be short or long.  The first of these definitions clearly does

not encompass the boxes here at issue, while the second does.

Since the term is subject to more than one meaning, we apply the doctrine of  noscitur a sociis

and look to the words with which the term is associated in the tariff.  The items listed in subheading

8

4202 are all intended for reuse. Suitcases, briefcases, cigarette cases, musical instrument cases, and all the others listed therein are items which are used repeatedly. In order for the boxes at issue here to be classified as jewelry boxes in this heading, fitting with the rest of the items in the list, the boxes must be usable on a repeated basis.

Therefore, following the Explanatory Note and the doctrine of noscitur a sociis, whether the boxes are prima facie classifiable under subheading 4202 depends on whether they are suitable for long term use.[7]

_____

[7]Although not essential to the holding in this case, the Court finds it appropriate to address Plaintiff's argument regarding  Totes, Inc. v. United States, 18 CIT 919, 865 F.Supp. 867 (1994), aff'd 69 F.3d 495 (Fed. Cir. 1992). Plaintiff would have the Court include in its analysis of whether or not these boxes are classifiable under 4202 a discussion of Totes. In Totes the Court dealt with the classification of trunk organizers under 4202. In its discussion, the Court stated that the organizers fit into subheading 4202 because they were "within the class . . . of articles listed as exemplars in Heading 4202, especially jewelry boxes . . . that serve mainly to facilitate an organized separation, protection, storage or holding of jewelry." 18 CIT at 925; 865 F.Supp. at 872.

Plaintiff would have this Court read that quoted language to mean that only boxes designed to hold multiple pieces of jewelry qualify as jewelry boxes under 4202. Plaintiff's Memorandum at 14. The Court disagrees. The use of the word "or" in Totes indicates that the jewelry boxes in 4202 need not have all four of the listed characteristics. If it was necessary that they separate, then the Court understands that the language would indicate that the boxes must hold more than one piece. However, by listing the four characteristics in the alternative, the Totes Court merely states that the boxes must do at least one of those things. Therefore, the Court rejects Plaintiff's argument that Totes says the jewelry boxes under 4202 must hold multiple pieces of jewelry.

9

B

<u>The Court Must Determine If The Boxes Are Suitable For
Long Term Use Before It Can Rule on the
Proper Classification of The Merchandise</u>

In order to determine whether the presentation boxes are classifiable under the Government's

advanced provision, it must be established whether or not the boxes are suitable for long term use.  The

analysis can go no further without that determination.  When considering a motion for summary

judgment, the Court is not empowered to weigh the competing evidence of a factual issue.  <u>Anderson</u>

477 U.S. at 249;  <u>Phone-Mate, Inc. v. United States</u>, 690 F.Supp. 1048, 1050, 12 CIT 575, 577

(1988), <u>aff'd</u> 867 F.2d 1404 (Fed. Cir. 1989) (citing <u>Yamaha Int'l Corp. v. United States</u>, 3 CIT 108,

109 (1982)).  Therefore, the Court cannot rule on the issue of whether the boxes are suitable for long

term use without a trial, so it therefore cannot rule on the proper classification of the merchandise.


V

CONCLUSION

The  Court hereby denies both motions for summary judgment, but further holds pursuant to

CIT Rule 56(e)[8] that the only triable issue of fact is whether the boxes are suitable for long term use.  If

---

[8]USCIT Rule 56(e) states:
> Case Not Fully Adjudicated on Motion.  If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted.  It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other

10

they are so suitable, then the Government's provision prevails.  If they are not, the Plaintiff's basket

provisions shall prevail.

_____

Evan J. Wallach, Judge

Dated:  April 13, 2000
      New York, New York

---

relief is not in controversy, and directing such further proceedings in the action as are just.  Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.